Leibensperger, Edward P., J.
Plaintiff, Cardno ChemRisk, LLC (“ChemRisk”), moves that this action alleging defamation be dismissed pursuant to Mass.R.Civ.P. 41(a)(2). Defendants oppose dismissal because there is pending in the Supreme Judicial Court their appeal from this court’s denial of their motion to dismiss under the Massachusetts anti-SLAPP statute, G.L.c. 231, §59H. If the Supreme Judicial Court determines that the anti-SLAPP motion should have been allowed, defendants will be entitled to “costs and reasonable attorneys fees, including those incurred for the special motion and any related discovery matters.” Id., para. 5. Accordingly, defendants contend that dismissal of the action is premature. In addition, defendants argue that if there were to be a voluntary dismissal of ChemRisk’s claims, such dismissal should be subject to the imposition of certain conditions.
I agree that dismissal of the action would be premature given the pending appeal. Defendants’ potential claim for costs and attorneys fees under the anti-SLAPP statute is, for all intents and purposes, a counterclaim that remains alive. As a result, ChemRisk’s motion for voluntary dismissal must be DENIED, without prejudice, of course, to renewal after the Supreme Judicial Court decides the pending appeal.
That said, what should occur in this case while the appeal is pending? Defendants move to compel discovery responses from ChemRisk which were due on March 18, 2016. On that date, rather than serve discovery responses, ChemRisk notified defendants that it intended to voluntarily dismiss the action.[2] When ChemRisk served its motion for voluntary dismissal on March 22, 2016, defendants cross moved to compel discovery responses and for sanctions. In response, ChemRisk cross moved for a protective order.
ChemRisk represents to this court in its papers and at oral argument that the voluntary dismissal it seeks shall be “with prejudice.” ChemRisk does not intend to pursue any claim against defendants arising from the transactions and occurrences alleged in the complaint. ChemRisk asks that, in reliance upon that representation, a protective order should enter barring all discovery.
Defendants assert no legitimate reasons for why they should obtain discovery from ChemRisk when ChemRisk has decided not to pursue its claims. Defendants are justifiably peeved that ChemRisk insisted on discovery going forward after denial of defendants’ anti-SLAPP motion and then, when discovery was due, suddenly decided to drop the case. But defendants’ frustration does not provide a basis to continue discovery on the merits of the claims when there are no claims. Thus, defendants’ motion to compel is DENIED and ChemRisk’s motion for a protective order is ALLOWED. Moreover, ChemRisk may not change its mind and pursue defendants on these claims in this forum or elsewhere. The reason a protective order preventing discovery is hereby entered is because of ChemRisk’s representation that it will not attempt to pursue its claims. The doctrine of judicial estoppel shall preclude such potential manipulation of the judicial process, if it should occur. Otis v. Arbella Mutual Insurance Company, 443 Mass. 634, 640 (2005).
In their cross motion to compel and for sanctions, defendants request “an award of their attorneys fees incurred in connection with plaintiffs motion to dismiss and this cross motion.” Defendants cite, as grounds for an award of attorneys fees, G.L.c. 231, §6F, and Mass.R.Civ.P. 11(a) and 37. Even if it were appropriate to entertain a c. 231, §6F motion at this juncture, defendants fail to offer evidence for the court to find that “all or substantially all of the claims . . . made . . . were wholly insubstantial, frivolous and not advanced in good faith.” The statute requires satisfaction of two elements: (1) the claims were wholly insubstantial or frivolous, and (2) the claims were not advanced in good faith. Defendants’ argument focuses primarily on the second element—the motivation of ChemRisk to commence this action and then to decide to terminate it. On the record presented, I cannot conclude that ChemRisk’s litigation conduct leads to a compelled conclusion that it acted in bad faith. In addition, the mere fact that others allegedly published similar defamatory material and were not sued by ChemRisk is not evidence that ChemRisk’s claims against defendants were frivolous. Likewise, there is *490 no basis to find a violation of Rule 11. Finally, Rule 37(d) allows a court to consider an award of attorneys fees “caused” by the failure of a party to respond to discovery. Such fees, in this case, could only include fees incurred by defendants in preparing a motion to compel discovery when they knew that ChemRisk intended to drop the case. No award of fees is justified in that circumstance. Defendants’ request for sanctions in their cross-motion to compel is DENIED. This action is STAYED until after the Supreme Judicial Court takes final action on the pending appeal.

 Two days earlier, on March 16, 2016, the Supreme Judicial Court notified the parties that it had granted a petition for direct appellate review of the decision denying relief under the anti-SLAPP statute.